UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>RONNIE E. JOHNSON, II, )<br>)<br>Defendant/Movant. ) | No. 6:19-CR-13-CHB-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 18, 2019, Defendant Ronnie E. Johnson II pleaded guilty before the undersigned to the first two counts of a four-count indictment. D.E. 35. Count One alleged a violation of 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. D.E. 38 at 1. Count Two alleged a violation of 18 U.S.C. § 924(c)(l)(A), possession of a firearm in furtherance of a drug trafficking crime. *Id*. On November 25, 2019, Johnson was sentenced to 120 months' imprisonment on Count One, to be followed by 60 months on Count Two, and judgment was entered the following day. D.E. 58, 60.

On June 22, 2020, the Court received Johnson's timely filed motion under 28 U.S.C. § 2255, accompanied by a memorandum. D.E. 68. Johnson was instructed to refile the § 2255 form because it was not signed under penalty of perjury. D.E. 71. On July 6, 2020, the Court received Johnson's signed form. D.E. 72.

Under § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the

sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Johnson is proceeding *pro se*, without the assistance of an attorney.  The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Johnson alleges ineffective assistance of trial counsel ("IAC").[1]  D.E. 72 at 4.  Johnson argues his counsel was ineffective for advising him to plead guilty to Count Two. *Id*.  First, Johnson alleges his attorney David Hoskins "coerced" him into pleading guilty.  D.E. 68-1 at 8.  Second, he argues there was "insufficient evidence" to convict him of possessing a firearm in furtherance of a drug trafficking crime.  D.E. 68-1 at 6.  He argues counsel "failed to investigate to see where the guns were actually found." *Id*. at 8.  Johnson states, "had [my] attorney so much as read the arrest report, he would have seen that where the guns were found, they were not easily accessible." *Id*.  He argues that, for his firearm possession to be "in furtherance of" the drug trafficking, "the firearm must be strategically located," which it was not. *Id*.  Johnson finally asserts that his counsel was ineffective for failing to investigate the lack of proof of "what state or district Mr. Johnson accepted guns as a form of payment." *Id*. at 9.  Johnson requests that his conviction on Count Two be vacated. *Id*.

---

[1] In his plea agreement, Johnson waived all collateral attacks except those premised upon IAC.  D.E. 38 at 4 ¶ 7.

In accordance with local practice, the matter was assigned to the undersigned for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Under such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief").

For the reasons explained below, Johnson's motion should be dismissed upon initial review.

## LEGAL STANDARDS FOR IAC

To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688.

However, a reviewing court may not second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "A fair assessment of attorney performance requires that every

3

effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

To show prejudice in the guilty-plea context, a movant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)), *cert. denied sub nom. Hodges v. Carpenter*, 135 S. Ct. 1545 (2015), *reh'g denied*, 135 S. Ct. 2345 (2015).

## JOHNSON'S GUILTY PLEA WAS NOT COERCED

Johnson's claim that he was coerced into pleading guilty to Count Two is flatly contradicted by the record.

Federal Rule of Criminal Procedure 11 governs plea colloquies. The Rule is meant to ensure that the district court is satisfied that a guilty plea is made knowingly, voluntarily, and intelligently. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Rule 11 requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the

4

nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378-79. When the District Court "has scrupulously followed the required procedure" during a plea colloquy, "the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1990) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Accordingly, in cases where the court has followed Rule 11's procedural requirements, "absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, *a defendant's plea agreement consists of the terms revealed in open court*." *Id.* "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Elzy v. United States,* 205 F.3d 882, 886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel). However, "misunderstanding, duress, or misrepresentation by others" may render invalid a plea colloquy that otherwise appears properly conducted. *Blackledge*, 431 U.S. at 75.

Under these standards, Johnson's coercion claim fails. Johnson has not pointed to any purported Rule 11 defect. Johnson acknowledged in his plea agreement that he had signed it voluntarily. D.E. 38 at 5 ¶ 12. The Court has reviewed the audio recording of Johnson's rearraignment. At that hearing, Johnson stated under oath that he was satisfied with the advice, counsel, and representation of his lawyer and had no complaint whatsoever about Mr. Hoskins's performance. He stated no one had forced him or threatened him in any way to cause him to plead guilty. He also stated under oath that he signed the agreement of his own free will. Johnson's current memorandum includes no "specifics" to support his otherwise "conclusory

5

allegations" that his plea was not knowing and voluntary. *Blackledge*, 431 U.S. at 74. Johnson's claim that his plea was coerced is contradicted by the record. It is not credible and should be dismissed on initial review.

## JOHNSON CANNOT ASSERT INSUFFICIENT EVIDENCE

Despite having pleaded guilty to Count Two, Johnson now asserts the evidence was insufficient to support the firearm-in-furtherance charge, and counsel was ineffective for failing to capitalize on this insufficiency. D.E. 68-1 at 6.

The first problem with this argument is that Johnson's valid guilty plea takes sufficiency of the evidence off the table. Entry of a voluntary and intelligent plea of guilty precludes a post-judgment challenge to the sufficiency of the evidence. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975). Any "attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's guilty plea." *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987). "[A] guilty plea admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts." *United States v. Patton*, 173 F.3d 857 (6th Cir. 1999) (table) (citing *Tollett v. Henderson*, 411 U.S. 258, 260-67 (1973)). Even absent a plea of guilty, a challenge to the sufficiency of the evidence is generally "not cognizable under § 2255." *Buchanan v. United States*, 191 F.3d 451 (6th Cir. 1999). The Sixth Circuit has "repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding." *United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) (en banc).

Because the fact of his guilt is firmly established by his voluntary guilty plea, Johnson cannot prove prejudice to support an IAC claim. Nevertheless, even if Johnson's insufficient-evidence claim was properly before the Court, the claim is flatly contradicted by the record.

### JOHNSON'S GUNS WERE NOT INACCESSIBLE

The heart of Johnson's insufficient-evidence argument is that his guns were not "strategically located" so as to support his firearm-in-furtherance conviction. D.E. 68-1 at 8. But there is no question—on the record—that Johnson had two pistols within arms' reach when he was stopped by law enforcement on November 5, 2018.

First, the factual description in Johnson's plea agreement states:

(a) On or about November 5, 2018, the Defendant was lawfully stopped for reckless driving. At the time of the stop, the Defendant had a passenger by the name of Shane A. Roark, his codefendant in this case. The Defendant granted the stopping officer consent to search his car. Possessions of the Defendant found through the search included approximately 19 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; a North American Arms .22 magnum caliber revolver, SN: E370934, loaded with 5 rounds of ammunition; a Taurus Model G2C 9mm semi-automatic pistol, SN: TL075650, loaded with 9 rounds of ammunition; and $2,880.00 in United States currency.

(b) In later post-Miranda interviews, the Defendant admitted to being a drug trafficker who has voluntarily travelled to Louisville, Kentucky, on at least seven (7) occasions alone and with others to purchase one (1) or more pounds per-trip of a mixture of substance containing a detectable amount of methamphetamine. . . .

(c) In addition, during post-Miranda interviews, the Defendant admitted ownership of the guns listed in Paragraph 2(a) of this Plea Agreement, which were found in his car following the stop on or about November 5, 2018. The Defendant also admitted that Shane A. Roark, the Defendant's passenger when he was stopped on or about November 5, 2018, at the time he had the guns listed in Paragraph 2(a) of this Plea Agreement, was a client to whom the Defendant sold amounts of a mixture or substance containing a detectable amount of methamphetamine. The Defendant admitted to accepting guns as a form of payment from his clients who purchased amounts of a mixture or substance containing a detectable

7

amount of methamphetamine. Facebook messages between the Defendant and his clients also confirm his receipt of guns as a form of payment.

D.E. 38 at 2-3. Thus, Johnson admitted in his plea agreement that he owned the guns that were found in the car he was driving.

Second, Johnson admitted under oath the facts underlying Count Two at his rearraignment. Not only did he agree that the factual statement in the plea agreement was accurate. He also explained in his own words, "I was pulled over and caught-red handed with drugs that I intended to distribute, and I had a firearm on me." The undersigned asked, "And you had a firearm on you?" Johnson replied, "No, sir. It was underneath the console of the car." Johnson explained he had the gun "to protect myself . . . from anybody or anything, harm that might come my way." The undersigned asked, "including harm that might arise when you're distributing drugs?" He responded, "Yes, sir."[2]

Third, Johnson's PSR contains a more detailed report of the traffic stop:

> On November 5, 2018, the Corbin Police Department (CPD) conducted a traffic stop on a vehicle driven by **Johnson** in the Whitley County area of Corbin, Kentucky. . . . **Johnson** gave the officer permission to search his vehicle. During the search, officers recovered suspected methamphetamine, suspected heroin, multiple cell phones, and three firearms. **Johnson** stated that two of the firearms in the vehicle belonged to him, and one of the firearms, a Lorcin firearm, belonged to Roark. . . . The following firearms were seized:
>
> - North American Arms .22 magnum caliber revolver, serial number E370934, loaded with five rounds of ammunition. This firearm was located in the center dashboard area.
> - Lorcin .22 caliber model L22 semi-automatic pistol, serial number B01400, loaded with nine rounds of ammunition. This firearm was located in the passenger-side dashboard, where an airbag had previously deployed.
> - Taurus Model G2C 9mm semi-automatic pistol, serial number TL075650, loaded with nine rounds of ammunition. This firearm was located under the steering wheel.

---

[2] Recording at 00:38:30-00:39:13.

8

PSR ¶¶ 12-13. Johnson lodged no objections to the PSR. The record thus establishes that one of Johnson's guns was "in the center dashboard area" and the other was "under the steering wheel." And one of these must be the gun Johnson told the Court at his rearraignment was "underneath the console."

The law on this subject is well-developed:

> Our circuit recognizes that "[b]y requiring that the possession be 'in furtherance of' the crime, Congress intended a specific nexus between the gun and the crime charged." *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir.2001). "In other words, the weapon must promote or facilitate the crime." *Id.* at 461. The mere "possession of a firearm on the same premises as a drug transaction [does] not, without a showing of a connection between the two, sustain a § 924(c) conviction." *Id.* at 462. Rather, "the firearm must be strategically located so that it is quickly and easily available for use." *Id.; see also Combs*, 369 F.3d at 933 (concluding that "'in furtherance of' . . . requires the government to prove . . . that the firearm's presence in the vicinity of the crime was something more than mere chance or coincidence"). "Other factors that may be relevant to a determination of whether" or not the in-furtherance-of requirement has been met include: (1) "whether the gun was loaded," (2) "the type of weapon," (3) "the legality of its possession," (4) "the type of drug activity conducted," and (5) "the time and circumstances under which the firearm was found." *Mackey*, 265 F.3d at 462.

*United States v. Barnes*, 822 F.3d 914, 919 (6th Cir. 2016).

The record makes clear that the pistols—at least the two which Johnson admitted owning—were found in the front of the car Johnson was driving and within arms' reach. Their location was not a mystery to anyone, much less defense counsel. Johnson admitted under oath that the guns were there for his protection. There is no point in having a firearm for protection if it is not "strategically located so that it is quickly and easily available for use," as were the firearms in this case. Applying the *Mackey* factors above supports that the firearms were "in furtherance" of the trafficking. Both guns were loaded. Both were handguns. As a convicted felon, Johnson's possession of the guns was illegal. Johnson was a major methamphetamine distributor. The guns were found in his vehicle near his person when he was stopped for reckless

driving (while also in possession of drugs). The factors all weigh in favor of possession-in-furtherance. Accordingly, the record contradicts Johnson's claim on this point. He cannot prove any prejudice to support an IAC claim.

### WHERE JOHNSON OBTAINED THE GUNS IS IRRELEVANT

Johnson finally argues that his counsel failed to capitalize on any inability "to prove what state or district Mr. Johnson accepted guns as a form of payment." D.E. 68-1 at 9. Although Johnson admitted in his plea agreement that he exchanged guns for drugs, the location of these transactions is irrelevant to the two charges to which he pleaded guilty. Count One alleged that between March 2018 and November 5, 2018, Johnson conspired to distribute methamphetamine in Whitley County and Laurel County. D.E. 1 at 1. Johnson does not deny that the territory encompassed by the conspiracy included Whitley and Laurel Counties. It would not matter whether some or all of the gun-for-drugs transactions occurred elsewhere. Count Two alleged that on November 5, 2018, Johnson possessed firearms in furtherance of Count One. D.E. 1 at 1-2. There is no question in this case that the "possession" underlying Count Two occurred in Corbin, Kentucky at the time of the traffic stop. Because this final argument is irrelevant, Johnson cannot establish deficient performance or prejudice to support an IAC claim.

### CONCLUSION

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4. Johnson's relevant assertions are contradicted by the record. The undersigned therefore **RECOMMENDS** that Johnson's § 2255 motion (D.E. 68, 72) be **DISMISSED** upon initial review.

This case does not warrant an evidentiary hearing, and Johnson has not requested one.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to each of Johnson's IAC claims. No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 8th day of July, 2020.

Signed By:
**Hanly A. Ingram**
**United States Magistrate Judge**

11